UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DUSTIN MORA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | 5:19-cv-2 |
| | § | |
| ZACHARY YANTA I, ZACHARY | § | |
| YANTA II, and VICTOR ACOSTA, | § | |
| JOE MALDONADO, and JIMMY | § | |
| LOYA in their individual capacities, | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Dustin Mora brings this complaint to show that Defendants Zachary Yanta I and Zachary Yanta II falsely imprisoned then made false statements to Victor Acosta, Joe Maldonado, and Jimmy Loya, police officers of the Karnes County Sheriff's Department, to cause Acosta, Maldonado, and Loya to violate Mora's constitutional rights in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment by arresting him for a crime he did not commit, and will show as follows:

### I. PARTIES

*A.    Plaintiff*

1. Dustin Mora is a resident of San Antonio, Texas.

*B.    Defendants*

2. Zachary Yanta I is a resident of Karnes County, Texas. He is sued for compensatory and punitive damages.

3. Zachary Yanta II is a resident of Karnes County, Texas. He is sued for compensatory and punitive damages.

4. Victor Acosta is a police officer for the Karnes County Sheriff's Department, and is sued in his individual capacity for compensatory and punitive damages. At all relevant times, Acosta was acting under color of law as an officer of the Karnes County Sheriff's Department. He can be served with process at 120 W. Calvert Ave., Karnes City, TX 78118.

5. Joe Maldonado is a police officer for the Karnes County Sheriff's Department, and is sued in his individual capacity for compensatory and punitive damages. At all relevant times, Maldonado was acting under color of law as an officer of the Karnes County Sheriff's Department. He can be served with process at 120 W. Calvert Ave., Karnes City, TX 78118.

6. Jimmy Loya is a police officer for the Karnes County Sheriff's Department, and is sued in his individual capacity for compensatory and punitive damages. At all relevant times, Loya was acting under color of law as an officer of the Karnes County Sheriff's Department. He can be served with process at 120 W. Calvert Ave., Karnes City, TX 78118.

## II.   JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over this 42 U.S.C. §§ 1983 & 1988 action pursuant to 28 U.S.C. §§ 1331 & 1343.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as Plaintiff's state law claims are related to his federal claims over which this Court has original jurisdiction, such that all of Plaintiff's claims form the same case or controversy.

9. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1) as all relevant events occurred in this division, and all Defendants reside in this state.

### III.   FACTS

10. Defendant Zachary Yanta I is a landowner and rancher in Karnes County, Texas. He operates a land improvement and ranching operation in Karnes County with his son, Defendant Zachary Yanta II.

11. Yanta II had hired Plaintiff Dustin Mora to perform manual labor on the ranch he owns (separate from properties with his father), including welding and construction of cattle pens.

12. Though Mora skillfully completed the labor, Yanta II failed to pay Mora the agreed upon price for the work Mora performed.

13. After Mora completed the work, neither Yanta I, nor Yanta II, ever told Mora that he could not return to their properties.

14. Yanta II owns a large ranch at the end of a small dirt road. The ranch has a residential home where Yanta II resides. To access the residence, a visitor must drive through a metal gate, then down a dirt road for several hundred yards to reach the residence. Mora had been on the property, and to the residence, many times at Yanta II's invitation while working for him.

15. On February 1, 2017, Mora came to Yanta II's property to seek payment for the services he had performed. Yanta II owed Mora approximately $9,000.00. Mora drove his pickup truck through the metal gate, down the dirt road to the residence. Mora exited his truck, and politely knocked on the door of the residence on the property. When no one came to the door, Mora prepared to leave.

16. Unbeknownst to Mora, both Yantas were at the home, and both were separately calling the police to accuse Mora of trespassing so that Yanta II could welch on his debt.

17. Yanta II told the 911 dispatcher he spoke to that "I ran him off of here" in the past, though that was not true. Yanta II had never forbidden Mora from entering the property. When the dispatcher asked Yanta II when the criminal trespass warning was issued, Yanta II said that "my dad [Yanta I]'s the one that authorized that."

18. Yanta I told the dispatcher, "This is Zack Yanta. … We've got a trespasser down here, on private property, that was warned, with a criminal trespass warning. … He's not supposed to be down here, we've had trouble with this person before." It was not true that the Yantas had previously prohibited Mora from entering the property, or that a criminal trespass warning had been issued. Yanta I also falsely told the dispatcher that the police had been called before about Mora, though both Yanta I and the dispatcher knew this was not true. Both Yantas and the police officers knew it was false that the police had previously issued a trespassing warning, and knew no records supported prior police involvement concerning Mora and the Yantas' property.

19. Shortly after calling the police, as Mora was peacefully departing the property, Yanta I pulled his large pickup truck across the dirt road between Mora and the gate, blocking Mora's exit from the property. By blocking the exit, Yanta I willfully detained Mora on the property, without Mora's consent, or legal justification for doing so. Yanta II was present at the scene, and acting in concert with his father to block Mora's exit.

20. Officers Acosta, Maldonado, and Loya were dispatched to the scene. All three officers communicated with the dispatcher over the Sheriff's Department's radio.

21. As the officers approached the ranch, one of the officers radioed back to the dispatcher "Can you check on a Dustin Mora for a [criminal trespass warning] for this location?" The dispatcher responded, such that all three officers could hear, that "I checked the CTWs and wasn't able to find one." Thus, all three officers knew that no valid criminal trespass warning issued by the police department existed.

22. In Texas, a person can only be arrested for trespassing if he either (a) had notice that entering the property was forbidden, or (b) received notice to depart but failed to do so. TEX. PENAL CODE § 30.05(a)(1)-(2).

23. Upon information and belief, and based on the calls to the dispatchers, the officers knew that the Yantas had not actually previously warned to leave the property. Therefore, the officers knew that Yanta I was untruthful when he said that a criminal trespass warning was issued. In fact, the officers affirmatively knew no such warning had been issued.

24. As such, all three officers knew that Mora had not previously been warned to never enter the property again, and could not be arrested for trespassing.

25. Likewise, when the officers arrived at the scene, they found Mora attempting to leave, but was blocked from exiting by Yanta I's truck. Thus, the officers all plainly saw Mora was not "refusing" to leave. To the contrary, he was actively trying to leave but was stopped from doing so by the Yantas.

26. As such, any reasonable officer would know that there was no probable cause to arrest Mora for any offense, as there was no prior criminal trespass warning issued, and Mora was obviously attempting to leave the property when the officers arrived.

27. Nonetheless, the three officers, acting in concert, arrested Mora and took him to jail.

28. Mora was imprisoned in the Karnes County jail for approximately 36 hours before he could hire an attorney, pay bond, and secure release from custody.

29. When the trespassing case was presented to the district attorneys' office, the case was quickly dismissed for a total lack of evidence.

### IV.   CAUSES OF ACTION

#### A.   FOURTH AND FOURTEENTH AMENDMENT FALSE ARREST
#### (as to Defendants Acosta, Maldonado, and Loya only)

30. Acosta, Maldonado, and Loya arrested Mora for criminal trespassing, even though the officers each knew (as any reasonable officer in their positions would have known), that they lacked probable cause to make such an arrest as Mora had not previously been "warned" to leave the property or refused to do so.

31. Acosta, Maldonado, and Loya caused Mora to be falsely arrested on charges they knew were not supported by the evidence, and failed to establish probable cause.

32. Acosta, Maldonado, and Loya's conduct was objectively unreasonable, violated Mora's clearly established right to be free from false arrest on deliberately fabricated charges, and proximately caused Mora to suffer significant damages. Accordingly, Acosta, Maldonado, and Loya are liable for compensatory and punitive damages under 42 U.S.C. § 1983.

#### B.   FALSE IMPRISONMENT
#### (as to Defendants Yanta I and Yanta II only)

33. Yanta I and Yanta II acted in concert for Yanta I to block Mora's exit from the ranch, imprisoning him without Mora's consent or any legal justification.

6

34. Yanta I and Yanta II willfully detained Mora by blocking his exit from the ranch.

35. Yanta I and Yanta II detained Mora on the ranch without Mora's consent.

36. Yanta I and Yanta II had no legal authority or justification to detain Mora.

37. Though Yanta I actually blocked Mora's exit with his truck, upon information and belief, Yanta I did so at the direction, request, and participation of Yanta II.

38. Moreover, Yanta I and Yanta II made false statements to the police regarding a prior criminal trespass warning, causing the police to take Mora into custody.

## V.   Damages

39. Plaintiff Mora seeks the following damages:

   a. Past and future economic damages;

   b. Past and future mental anguish;

   c. Attorneys' fees, including costs and expert fees, against Acosta, Maldonado, and Loya only, pursuant to 42 U.S.C. § 1988;

   d. Pre-judgment and post-judgment interest at the highest rates allowable under the law;

   e. All other compensatory and/or general damages to which Dustin Mora is entitled to under state or federal law; and,

   f. Punitive damages in the highest amount allowed by law.

## VI.   Jury Demand

40. Plaintiff respectfully requests a trial by jury.

## VII.   Prayer for Relief

41. To right this grave injustice, Plaintiff requests that this Court:

    a. Award compensatory and punitive damages to the Plaintiff, against Defendants;

    b. Award Plaintiff costs, including expert fees and attorneys' fees pursuant to 42 U.S.C. § 1988 as to the officers;

    c. Award pre-judgment and post-judgment interest at the highest rate allowable under the law; and,

    d. Award and grant such other just relief as the Court deems proper.

Dated: January 2, 2019.

                      Respectfully submitted,

                      **EDWARDS LAW**
                      1101 East 11th Street
                      Tel.  512-623-7727
                      Fax.  512-623-7729

                By    /s/ Jeff Edwards
                      JEFF EDWARDS
                      State Bar No. 24014406
                      jeff@edwards-law.com
                      SCOTT MEDLOCK
                      State Bar No. 24044783
                      scott@edwards-law.com
                      MICHAEL SINGLEY
                      State Bar No. 00794642
                      mike@edwards-law.com
                      DAVID JAMES
                      State Bar No. 24092572
                      david@edwards-law.com

                **ATTORNEYS FOR PLAINTIFFS**